**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HOWARD GOLDMAN, | ) | |
| | ) | Case No.: 1:25-cv-00086-PAB |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| v. | ) | |
| | ) | REPUBLIC AIRWAYS INC. AND |
| AMERICAN AIRLINES, INC., et al. | ) | REPUBLIC AIRWAYS HOLDINGS INC.'S |
| | ) | COMBINED ANSWER TO PLAINTIFF'S |
| Defendant. | ) | COMPLAINT |
| | ) | |
| | ) | (Jury demand endorsed hereon) |

NOW COME Defendants, Republic Airways Inc. (incorrectly named as Republic Airways, Inc.) and Republic Airways Holdings Inc. (hereinafter, collectively "Republic"), by and through their attorneys, in answer to Plaintiff Howard Goldman's Complaint, state as follows:

**INTRODUCTION**[1]

1.      This is an action for monetary damages, to redress Defendants' unlawful discriminatory conduct, practices and failures to accommodate Plaintiff in violation of his right to be free from race discrimination under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

**ANSWER:**      **Republic denies the allegations contained in Paragraph 1.**

2.      This action arises from the racially and religious-based discriminatory conduct of the Defendants when, as alleged further throughout, they caused, directly or indirectly, Plaintiff to be denied common carrier services and unlawfully removed from a flight that was scheduled to depart from Ohio to New York, because of the Plaintiff's Jewish race and/or religion.

---

[1] The headings herein are from Plaintiff's Complaint and are repeated solely for the convenience of the reader.

**ANSWER:** **Republic denies the allegations contained in Paragraph 2.**

3.      Plaintiff is an observant Orthodox Jewish man and a member of a protected class.

**ANSWER:** **Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies the same.**

4.      Plaintiff is of Jewish descent and a member of a protected class.

**ANSWER:** **Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies the same.**

5.      Plaintiff's religion is Judaism and Plaintiff is a member of a protected class.

**ANSWER:** **Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies the same.**

6.      Defendants discriminatory and retaliatory conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff's rights, warranting an award of punitive damages. Such conduct has caused, and continues to cause, Plaintiff to suffer substantial monetary damages, permanent harm to his personal and/or professional reputation and/or severe mental anguish and emotional distress.

**ANSWER:** **Republic denies the allegations contained in Paragraph 6.**

7.      Unfortunately, American Airlines, Inc. and/or American Airline Group Inc.'s discriminatory treatment of Plaintiff was not an isolated instance. In fact, as alleged below, American Airlines, Inc. has a documented history of frequently subjecting Jewish and/or minority passengers to differential treatment and bigotry, as can be seen from the following non-exhaustive list of instances: *Birman v. American Airlines Inc*., 1:21-cv-06634, (E.D.N.Y); *Adler v. American Airlines, Inc.,* 4:20-cv-00317, (S.D. Tex.); *Jackson v. American Airlines, Inc.,* 1:24-cv-03818 (E.D. N.Y.);      https://onemileatatime.com/news/american-airlines-anti-semitism/      Ben      Schlappig, *American Accused of Shocking Anti-Semitism*, ONE MILE AT A TIME (May 7, 2024).

83545\324935802.v4

**ANSWER:** The allegations contained in Paragraph 7 are not directed at Republic, and therefore, no response is required. To the extent an answer is deemed required of Republic, Republic denies the allegations in Paragraph 7.

## JURISDICTION

8. Plaintiff realleges and incorporates herein by reference each and every averment set forth in the foregoing paragraphs.

**ANSWER:** Republic repeats and realleges, and incorporates by reference their Answers to each and every allegation contained in the foregoing paragraphs.

9. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under 42 U.S.C. § 1981. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** This paragraph contains conclusions of law to which no response is required. To the extent an answer is deemed required of Republic, Republic denies the allegations in Paragraph 9.

10. This Court has *in personam* jurisdiction in this matter because American Airlines, Inc. and/or American Airlines Group, Inc. maintain "minimum contacts" within the State of Ohio sufficient to confer "general jurisdiction" to this Court in that, on information and belief, American Airlines, Inc. and/or American Airlines Group, Inc. operate daily flights to and from Cleveland Hopkins International Airport in Cuyahoga County, Ohio. Such activity constitutes "continuous and systemic" contacts with the State of Ohio.

**ANSWER:** The allegations contained in Paragraph 10 are not directed at Republic and/or contain conclusions of law, and therefore, no response is required. To the extent an answer is deemed required of Republic, Republic denies the allegations in Paragraph 10.

83545\324935802.v4

11.    This Court has *in personam* jurisdiction in this matter because Republic Airways, Inc. and/or Republic Airways Holdings, Inc. maintain "minimum contacts" within the State of Ohio sufficient to confer "general jurisdiction" to this Court in that Republic Airways, Inc. and/or Republic Airways Holdings, Inc. operate daily flights to and from Cleveland Hopkins International Airport in Cuyahoga County, Ohio. Such activity constitutes "continuous and systemic" contacts with the state of Ohio.

**ANSWER:    This paragraph contains conclusions of law to which no response is required. To the extent an answer is deemed required of Republic, Republic admits only that this Court has jurisdiction over Republic Airways Inc. for the purposes of this case. Republic denies all remaining allegations in Paragraph 11.**

12.    This Court has *in personam* jurisdiction in this matter because Christy Ford maintains "minimum contacts" within the State of Ohio sufficient to confer and the incident alleged in the complaint occurred in the Northern District of Ohio.

**ANSWER:    The allegations contained in Paragraph 12 are not directed at Republic and/or contain conclusions of law, and therefore, no response is required. To the extent an answer is deemed required of Republic, Republic denies the allegations in Paragraph 12.**

13.    This Court has *in personam* jurisdiction in this matter because Melissa Symes-Patalano maintains "minimum contacts" within the State of Ohio sufficient to confer and the incident alleged in the complaint occurred in the Northern District of Ohio.

**ANSWER:    The allegations contained in Paragraph 13 are not directed at Republic and/or contain conclusions of law, and therefore, no response is required. To the extent an answer is deemed required of Republic, Republic denies the allegations in Paragraph 13.**

83545\324935802.v4

14.     This Court has *in personam* jurisdiction in this matter because Nicholas Pino maintains "minimum contacts" within the State of Ohio sufficient to confer and the incident alleged in the complaint occurred in the Northern District of Ohio.

**ANSWER:     The allegations contained in Paragraph 14 are not directed at Republic and/or contain conclusions of law, and therefore, no response is required. To the extent an answer is deemed required of Republic, Republic denies the allegations in Paragraph 14.**

15.     This Court has *in personam* jurisdiction in this matter because Theresa Powell maintains "minimum contacts" within the State of Ohio sufficient to confer and the incident alleged in the complaint occurred in the Northern District of Ohio.

**ANSWER:     The allegations contained in Paragraph 15 are not directed at Republic and/or contain conclusions of law, and therefore, no response is required. To the extent an answer is deemed required of Republic, Republic denies the allegations in Paragraph 15.**

16.     This Court has *in personam* jurisdiction in this matter because John Doe, First Officer, is an employee of Republic Airways, Inc. and/or Republic Airways Holdings, Inc. maintain "minimum contacts" within the State of Ohio sufficient to confer "general jurisdiction" to this Court in that Republic Airways, Inc. and/or Republic Airways Holdings, Inc. operate daily flights to and from Cleveland Hopkins International Airport in Cuyahoga County, Ohio. Such activity constitutes "continuous and systemic" contacts with the state of Ohio.

**ANSWER:     The allegations contained in Paragraph 16 are not directed at Republic and/or contain conclusions of law, and therefore, no response is required. To the extent an answer is deemed required of Republic, Republic admits only that the First Officer on the subject flight was an employee of Republic Airways Inc. Republic denies the remaining allegations in Paragraph 16.**

83545\324935802.v4

17.     This Court has *in personam* jurisdiction in this matter because John Does 1-3 are employees of Republic Airways, Inc. and/or Republic Airways Holdings, Inc. which maintain "minimum contacts" within the State of Ohio sufficient to confer "general jurisdiction" to this Court in that Republic Airways, Inc. and/or Republic Airways Holdings, Inc. operate daily flights to and from Cleveland Hopkins International Airport in Cuyahoga County, Ohio. Such activity constitutes "continuous and systemic" contacts with the state of Ohio.

**ANSWER:     The allegations contained in Paragraph 17 are not directed at Republic and/or contain conclusions of law, and therefore, no response is required. To the extent an answer is deemed required of Republic, Republic denies the allegations in Paragraph 17.**

18.     This Court has *in personam* jurisdiction in this matter because Jane Does 1 - 3 are employees of Republic Airways, Inc. and/or Republic Airways Holdings, Inc. which maintain "minimum contacts" within the State of Ohio sufficient to confer "general jurisdiction" to this Court in that Republic Airways, Inc. and/or Republic Airways Holdings, Inc. operate daily flights to and from Cleveland Hopkins International Airport in Cuyahoga County, Ohio. Such activity constitutes "continuous and systemic" contacts with the state of Ohio.

**ANSWER:     This paragraph contains conclusions of law to which no response is required. To the extent an answer is deemed required of Republic, Republic denies the allegations in Paragraph 18.**

19.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in the Northern District of Ohio.

**ANSWER:     This paragraph contains conclusions of law to which no response is required. To the extent an answer is deemed required of Republic, Republic admits the allegations in Paragraph 19.**

83545\324935802.v4

## THE PARTIES

20.     Plaintiff Howard Goldman (hereinafter "Dr. Goldman") now, and at all times relevant, is an adult male and medical doctor who resides in the State of Ohio.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies the same.**

21.     Dr. Goldman is of Jewish descent.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies the same.**

22.     Dr. Goldman is an observant Orthodox Jewish man.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies the same.**

23.     In accordance with his religious beliefs, Dr. Goldman wears a yarmulke on his head.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore denies the same.**

24.     Defendant American Airlines, Inc. (hereinafter "American") is a Delaware Corporation with its principal place of business located at 1 Skyview Drive, Fort Worth, Texas 76155. For purposes of 28 U.S.C. § 1332, American Airlines is a citizen of Delaware and Texas. It may be served with process through its agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. The company is an "air carrier" subject to the Federal Aviation Act of 1958, as amended, 49 U.S.C. §§ 40101 *et seq.* The Company is also a "carrier" as that term is defined in Sections 201 and 202 of the Railway Labor Act ("RLA"), 45 U.S.C. §§ 181, 182. At all times relevant, American conducted business in Cuyahoga County, Ohio and, as alleged herein, conducted activity in Cuyahoga County that gave rise to Plaintiff's claims for relief.

83545\324935802.v4

**ANSWER:** The allegations contained in Paragraph 24 are not directed at Republic and/or contain conclusions of law, and therefore, no response is required. To the extent an answer is deemed required of Republic, Republic denies the allegations in Paragraph 24.

25. Defendant American Airlines Group Inc. (hereinafter, "American Airlines Group") is a Delaware Corporation with its principal place of business located at P.O. Box DFW Airport, Texas 75261-9616. For purposes of 28 U.S.C. § 1332, American Airlines Group is a citizen of Delaware and Texas. It may be served with process through its agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. The company is an "air carrier" subject to the Federal Aviation Act of 1958, as amended, 49 U.S.C. §§ 40101 *et seq.* The Company is also a "carrier" as that term is defined in Sections 201 and 202 of the Railway Labor Act ("RLA"), 45 U.S.C. §§ 181, 182. On information and belief, American Airlines Group is, and was at all times relevant, the holding company of American Airlines. At all times relevant, American Airlines Group conducted business in Cuyahoga County, Ohio and, as alleged herein, conducted activity in Cuyahoga County that gave rise to Plaintiff's claims for relief.

**ANSWER:** The allegations contained in Paragraph 25 are not directed at Republic and/or contain conclusions of law, and therefore, no response is required. To the extent an answer is deemed required of Republic, Republic denies the allegations in Paragraph 25.

26. Defendant Republic Airways, Inc. (hereinafter "Republic") is an Indiana Corporation with its principal place of business located at 8909 Purdue Road, Suite 300, Indianapolis in Marion County, Indiana. It may be served with process through this agent for service of process Corporation Service Company, 1160 Dublin Road, Suite 400, Columbus, Ohio 43215. The company is an "air carrier" subject to the Federal Aviation Act of 1958, as amended, 49 U.S.C. §§ 40101 *et seq.* The Company is also a "carrier" as that term is defined in Sections 201 and 202 of the Railway Labor Act ("RLA"), 45 U.S.C. §§ 181, 182. On information and belief, Republic

83545\324935802.v4

is, and was at all times relevant, a contracted carrier of American and/or American Airlines Group. At all times relevant, Republic conducted business in Cuyahoga County, Ohio and, as alleged herein, conducted activity in Cuyahoga County that gave rise to Plaintiff's claims for relief.

**ANSWER:** **Republic admits that Republic Airways Inc. is an air carrier subject to certain federal aviation regulations. Republic also admits that Republic Airways Inc. is a carrier as defined by the Railway Labor Act, but denies that the Railway Labor Act applies to this litigation. Republic admits that Republic Airways Inc. is an Indiana corporation and that Plaintiff correctly identified its address and the address for its process agent. Republic denies all remaining allegations in Paragraph 26.**

27.     Defendant Republic Airways Holdings Inc. (hereinafter, "Republic Airways Holdings") is an Indiana Corporation with its principal place of business located at 8909 Purdue Road, Suite 300, Indianapolis in Marion County, Indiana. It may be served with process through tis agent for service of process Corporation Service Company, 1160 Dublin Road, Suite 400, Columbus, Ohio 43215.  The company is an "air carrier" subject to the Federal Aviation Act of 1958, as amended, 49 U.S.C. §§ 40101 *et seq.* The Company is also a "carrier" as that term is defined in Sections 201 and 202 of the Railway Labor Act ("RLA"), 45 U.S.C. §§ 181, 182. On information and belief, Republic Airways Holdings is, and was at all times relevant, a holding company that owns Republic Airways. At all times relevant, Republic Airways Holdings conducted business in Cuyahoga County, Ohio and, as alleged herein, conducted activity in Cuyahoga County that gave rise to Plaintiff's claims for relief.

**ANSWER:** **Republic denies that Republic Airways Holdings Inc. is an Indiana Corporation, denies that Republic Airways Holdings Inc. is an air carrier, or a "carrier" as defined by the Railway Labor Act, denies that the Railway Labor Act applies to this litigation and denies that Republic Airways Holdings Inc. conducts any business in Ohio. Republic admits**

**that Plaintiff correctly identified its address and the address for its agent for service of Process. Republic denies the remaining allegations Paragraph 27.**

28.     Defendant Christy Ford (hereinafter, "Defendant Ford"), is, and was at all times relevant, a Customer Service Coordinator and/or Customer Service Supervisor for American Airlines Flight 4302 from Cleveland Hopkins International Airport to John F. Kennedy International Airport. On information and belief, at all times relevant, Defendant Ford was an employee and/or agent of Defendant American, American Airlines Group, Republic, and/or Republic Airways Holdings and acted within the course and scope of her employment with one or all of these entities.

**ANSWER:     Republic denies that Ford was an employee and/or agent of Defendants Republic Airways Inc. or Republic Airways Holdings Inc., and lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 28 and therefore denies the same.**

29.     Defendant Melissa Symes-Patalano (hereinafter, "Defendant Symes- Patalano"), is, and was at all times relevant, a flight attendant on American Airlines Flight 4302 from Cleveland Hopkins International Airport to John F. Kennedy International Airport. On information and belief, at all times relevant, Defendant Symes-Patalano was an employee and/or agent of Defendant American, American Airlines Group, Republic, and/or Republic Airways Holdings and acted within the course and scope of her employment with one or all of these entities.

**ANSWER:     Republic denies that Defendant Melissa Symes-Patalano was an employee and/or agent of Defendant American, American Airlines Group, or Republic Airways Holdings Inc. Republic admits that Defendant Melissa Symes-Patalano is and was an employee of Republic Airways Inc. and that she acted within the course and scope of her employment on Flight 4302. Republic denies all other allegations in Paragraph 29.**

83545\324935802.v4

30.     Defendant Nicholas Pino (hereinafter, "Defendant Pino") is, and was at all times relevant, a pilot on American Airlines Flight 4302 from Cleveland Hopkins International Airport to John F. Kennedy International Airport. On information and belief, at all times relevant, Defendant Pino was an employee and/or agent of Defendant American, American Airlines Group, Republic, and/or Republic Airways Holdings and acted within the course and scope of his employment with one or all of these entities.

**ANSWER:     Republic denies that Defendant Nicholas Pino was an employee and/or agent of Defendant American, American Airlines Group, or Republic Airways Holdings Inc. Republic admits that Defendant Nicholas Pino is and was an employee of Republic Airways Inc. and that he acted within the course and scope of his employment on Flight 4302. Republic denies all other allegations in Paragraph 30.**

31.     Defendant Theresa Powell (hereinafter, "Defendant Powell") is, and was at all times relevant, a gate agent for American Airlines Flight 4302 from Cleveland Hopkins International Airport to John F. Kennedy International Airport. On information and belief, at all times relevant, Defendant Powell was an employee and/or agent of Defendant American, American Airlines Group, Republic, and/or Republic Airways Holdings and acted within the course and scope of his employment with one or all of these entities.

**ANSWER:     Republic denies that Powell was an employee and/or agent of Defendants Republic Airways Inc. or Republic Airways Holdings Inc., and lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 31 and therefore denies the same.**

32.     Defendant John Doe, First Officer, Flight 4302, is, and was at all times relevant, a First Officer on American Airlines Flight 4302 from Cleveland Hopkins International Airport to John F. Kennedy International Airport. On information and belief, at all times relevant, Defendant

83545\324935802.v4

Pino was an employee and/or agent of Defendant American, American Airlines Group, Republic, and/or Republic Airways Holdings and acted within the course and scope of his employment with one or all of these entities.

**ANSWER:** **Republic denies that the First Officer of American Airlines Flight 4302 was an employee and/or agent of Defendant American, American Airlines Group, or Republic Airways Holdings Inc. Republic admits that the First Officer of the flight was an employee of Republic Airways Inc. who acted within the course and scope of his employment on Flight 4302. Republic denies all other allegations in Paragraph 32.**

33.     Defendants Jane Does 1 -3, Flight Attendants, are, and were at all times relevant, Female Flight Attendants on American Airlines Flight 4302 from Cleveland Hopkins International Airport to John F. Kennedy International Airport, whose names are currently unknown. On information and belief, at all times relevant, Defendants Jane Does 1 - 3 were employees and/or agents of Defendant American, American Airlines Group, Republic, and/or Republic Airways Holdings and acted within the course and scope of their employment with one or all of these entities.

**ANSWER:** **Republic admits only that all flight attendants on Flight 4302 were employees of Republic Airways Inc. who were acting within the course and scope of their employment on Flight 4302. Republic denies the remaining allegations of Paragraph 33.**

34.     Defendants John Does 1 -3, Flight Attendants, are, and were at all times relevant, Male Flight Attendants on American Airlines Flight 4302 from Cleveland Hopkins International Airport to John F. Kennedy International Airport, whose names are currently unknown. On information and belief, at all times relevant, Defendants John Does 1 - 3 were employees and/or agents of Defendant American, American Airlines Group, Republic, and/or Republic Airways Holdings and acted within the course and scope of their employment with one or all of these entities.

83545\324935802.v4

**ANSWER:** **Republic admits only that all flight attendants on Flight 4302 were employees of Republic Airways Inc. and were acting within the course and scope of their employment on the flight. Republic denies the remaining allegations in Paragraph 34.**

## FACTS

35.      On or about January 4, 2024 Plaintiff entered into a binding contract with Defendants American, American Airlines Group, Republic, and/or Republic Airways Holdings when he purchased a ticket for American Airlines Flight 4302 from Cleveland Hopkins International Airport to John F. Kennedy International Airport (hereinafter "JFK") that was scheduled to depart Cleveland Hopkins International Airport on January 18, 2024.

**ANSWER:** **Republic denies the allegations in Paragraph 35.**

36.      On information and belief, Republic and/or Republic Airways Holdings was a contracted carrier by American and/or American Airlines Group for Flight 4302.

**ANSWER:** **The allegations in Paragraph 36 are legal conclusions to which no response is required. To the extent that a response is deemed required, Republic admits only that it is a FAA certificated air carrier that operates regional flights for American Airlines pursuant to contract. Republic denies the remaining allegations in Paragraph 36.**

37.      The flight was estimated to take one hour and forty-five minutes.

**ANSWER:** **Republic admits the allegations in Paragraph 37.**

38.      On January 18, 2024, and at all times relevant, Dr. Goldman wore a yarmulke as is customary in the Jewish religion.

**ANSWER:** **Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 38 and therefore denies the same.**

39.      Dr. Goldman was one of the last passengers to board the flight.

**ANSWER:** **Republic admits the allegations in Paragraph 39.**

83545\324935802.v4

40.     Prior to the boarding process and while at the gate, Dr. Goldman had with him a carry-on bag and his briefcase.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 40 and therefore denies the same.**

41.     Because he was one of the last people to board the plane, Dr. Goldman was told by gate agent Defendant Powell that he would have to check his carry-on bag. Given the fact that Dr. Goldman had medication, religious items (including his Hebrew prayer book, prayer shawl, phylacteries), and valuables in his carry-on, Dr. Goldman kindly requested if there was any way to see if there was any space for his carry-on. During this discussion, on information and belief, Defendant Ford cut in and Defendant Ford and/or Defendant Powell told Dr. Goldman that he could either remove valuable items from the bag or he would have to rebook his flight for the following day. There was a blizzard predicted and flights for the following day were already being cancelled. At all times relevant, Defendant Ford and Defendant Powell were acting within the course and scope of their employment with Defendants American, American Airlines Group, Republic, and/or Republic Airways Holdings.

**ANSWER:     Republic denies that Defendants Ford and/or Powell were employees of, or acting within the scope of employment for, Defendants Republic Airways Inc. or Republic Airways Holdings Inc. Republic lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 41 and therefore denies the same.**

42.     Dr. Goldman complied with Defendant Ford and/or Defendant Powell's instruction, though before doing so, and with Defendant Ford and/or Defendant Powell's approval, removed his medication, religious articles, and valuables from his carry-on and placed them in his briefcase which Dr. Goldman intended to serve as his "personal item" (as is customary and permitted on most if not all commercial flights, including United Flight 4302) for the duration of the flight to JFK.

83545\324935802.v4

After he removed his briefcase, Dr. Goldman turned his carry-on bag over to Defendant Ford to be gate checked without incident, and proceeded down the jet way to board the plane.

**ANSWER:** **Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 42 and therefore denies the same.**

43.     The briefcase included Dr. Goldman's valuables, including his medication, laptop, and Jewish religious articles.

**ANSWER:** **Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 43 and therefore denies the same.**

44.     Dr. Goldman boarded the flight with his briefcase and observed vacant space in the overhead bin compartments in the First-Class section of the aircraft. Dr. Goldman turned back to Defendant Ford and/or Defendant Powell who was standing at the entrance of the aircraft and respectfully requested that he be able to place his carry-on in the overhead bin compartments in first class, to which Defendant Ford and/or Defendant Powell responded that a certain number of bags had already been placed in the overhead bin compartments and they would be unable to place another carry-on in the overhead bin compartments. Further, Defendant Ford and/or Defendant Powell stated that Dr. Goldman could rebook his flight for the next day.

**ANSWER:** **Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 44 and therefore denies the same.**

45.     At no point did an employee or agent of American, American Airlines Group, Republic, and/or Republic Airways Group inform Dr. Goldman that he could not place his briefcase in the overhead bin compartments in the First-Class section of the aircraft, nor were there any signs or other indicators present which would indicate to Dr. Goldman that he was not permitted to use overhead-bin space in the First-Class cabin.

**ANSWER:** **Republic denies the allegations in Paragraph 45.**

83545\324935802.v4

46. Dr. Goldman placed his briefcase, which included his medication, laptop, and Jewish religious articles, in the overhead bin compartments in the First-Class section of the aircraft and then continued down the aisle to his assigned seat.

**ANSWER:** **Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 46 and therefore denies the same.**

47. Dr. Goldman, an orthodox Jewish man, was uncomfortable with his briefcase, which contained Jewish religious articles, his medication, and his laptop, being placed beneath the seat in front of him on the floor, because placing Jewish religious articles on the floor would be disrespectful to his orthodox Jewish religion.

**ANSWER:** **Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 47 and therefore denies the same.**

48. On information and belief, Defendant Symes-Patalano, Defendants Jane Does 1 - 3, Defendant John Does 1 - 3, Defendant Ford, and/or Defendant Powell falsely alleged that Dr. Goldman was walking up and down the jetway four to five times, blocking other passengers from getting on the plane, refusing to go to his seat, telling people around him that this was Anti-Semitic and a terrorist type of activity that the gate agents and flight attendants were doing to him.

**ANSWER:** **Republic denies the allegations in Paragraph 48.**

49. On information and belief, Defendant Symes-Patalano and/or Defendants Jane Does 1 - 3, John Does 1 - 3, Defendant Ford, and/or Defendant Powell falsely advised pilot Defendant Pino and John Doe, First Officer, AA Flight 4302, that Dr. Goldman was walking up and down the jetway four to five times, blocking other passengers from getting on the plane, refusing to go to his seat, telling people around him that this was Anti-Semitic and a terrorist type of activity that the gate agents and flight attendants were doing to him and/or made other false allegations against Dr. Goldman.

83545\324935802.v4

**ANSWER:** **Republic denies the allegations in Paragraph 49.**

50.     On information and belief, Defendant Pino and/or Defendant John Doe, First Officer, AA Flight 4302 ordered and/or authorized Defendant Symes-Patalano and/or Defendants Jane Does 1 - 3, John Does 1 - 3, Defendant Ford, and/or Defendant Powell to demand Dr. Goldman to exit the aircraft.

**ANSWER:** **Republic admits only that Plaintiff was requested to deplane. Republic denies all other allegations in Paragraph 50.**

51.     While seated, Defendant Symes-Patalano and/or Defendants Jane Does 1 - 3, John Does 1 - 3, Defendant Ford, and/or Defendant Powell appeared at Dr. Goldman's seat and demanded that he exit the aircraft.

**ANSWER:** **Republic admits only that Plaintiff was requested to deplane. Republic denies all other allegations in Paragraph 51.**

52.     Defendant Ford called a gate agent and told him that she was removing Dr. Goldman from the plane and asked the gate agent to come down the jetbridge. Upon meeting with the gate agent, Defendant Ford informed him that Dr. Goldman was going to be brought off of the aircraft.

**ANSWER:** **Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 52 and therefore denies the same.**

53.     Dr. Goldman asked Defendant Symes-Patalano and/or Defendants Jane Does 1 - 3, John Does 1 - 3, Defendant Ford, and/or Defendant Powell why she/they was/were demanding that he leave the aircraft. Defendant Symes-Patalano and/or Defendants Jane Does 1 - 3, John Does 1 - 3, Defendant Ford, and/or Defendant Powell responded by stating Dr. Goldman had to get off the aircraft now. Dr. Goldman again asked why he had to get off the plane, to which Defendant Symes-Patalano and/or Defendants Jane Does 1 - 3, John Does 1 - 3, Defendant Ford, and/or Defendant Powell threatened to call the police. Up until this point, Dr. Goldman had never left his seat.

83545\324935802.v4

**ANSWER:** Republic denies the allegations in Paragraph 53.

54. To this point, Dr. Goldman still had no knowledge as to why Defendant Symes-Patalano and/or Defendants Jane Does 1 - 3, John Does 1 - 3, Defendant Ford, and/or Defendant Powell was/were demanding that he exit the aircraft.

**ANSWER:** Republic denies the allegations of Paragraph 54.

55. After threatening to call the police, Defendant Symes-Patalano and/or Defendants Jane Does 1 - 3, John Does 1 - 3, Defendant Ford, and/or Defendant Powell exited the aircraft. Dr. Goldman remained in his seat.

**ANSWER:** Republic lacks sufficient information or knowledge to form a belief as to whether Dr. Goldman remained in his seat at this time. Symes-Patalano denies the remaining allegations in Paragraph 55.

56. After approximately five (5) minutes, an officer with the Cleveland Division of Police entered the aircraft and approached Dr. Goldman's seat.

**ANSWER:** Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 56 and therefore denies the same.

57. The Cleveland Police Officer told Dr. Goldman that he had to exit the aircraft. To which Dr. Goldman asked why he has to exit the aircraft. The Officer told Dr. Goldman that is what Defendant Powell told the officer.

**ANSWER:** Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 57 and therefore denies the same.

58. Dr. Goldman continued to ask in a calm manner why he was being forced to leave the aircraft to which the Officer did not have a direct answer.

**ANSWER:** Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 58 and therefore denies the same.

83545\324935802.v4

59.     After their conversation, the Officer exited the aircraft. Dr. Goldman remained on the aircraft in his seat.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 59 and therefore denies the same.**

60.     At that point, another passenger, Yossi Marozov, suggested that Dr. Goldman speak with the pilot to understand why he is being removed from the aircraft.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 60 and therefore denies the same.**

61.     Both Yossi Marozov and Dr. Goldman went to the front of the aircraft to ask Defendant Nicholas Pino, the pilot, why Dr. Goldman was being removed from the flight.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 61 and therefore denies the same.**

62.     Defendant Pino responded that Defendant Symes-Patalano and/or Defendants Jane Does 1 - 3, John Does 1 - 3, Defendant Ford, and/or Defendant Powell told him that a passenger (Dr. Goldman) had to be removed.

**ANSWER:     Republic denies the allegations contained in Paragraph 62.**

63.     Dr. Goldman and Mr. Marozov asked why Defendant Symes-Patalano and/or Defendants Jane Does 1 - 3, John Does 1 - 3, Defendant Ford, and/or Defendant Powell wanted a passenger (Dr. Goldman) removed. Dr. Goldman asked the pilot if there was anything he did wrong and if so, Dr. Goldman attempted to apologize.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 63 and therefore denies the same.**

64.     At this point, Defendant Symes-Patalano and/or Defendants Jane Does 1 - 3, John Does 1 - 3, Defendant Ford, and/or Defendant Powell began to deplane the aircraft.

83545\324935802.v4

**ANSWER:** Republic admits only that due to Plaintiff's acts and omissions, the entire flight had to be deplaned. All remaining allegations contained in Paragraph 64 are denied.

65.   Defendant Pino stated that now that the passengers were being deplaned, there is no way the flight can take off with Dr. Goldman on the aircraft.

**ANSWER:** Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 65 and therefore denies the same.

66.   In response, Dr. Goldman exited the aircraft.

**ANSWER:** Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 66 and therefore denies the same.

67.   Dr. Goldman went back to the gate area where Dr. Goldman remained for approximately ten (10) minutes. As Dr. Goldman was waiting in the gate area, AA Flight 4302 began to reboard.

**ANSWER:** Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 67.

68.   After the approximate ten (10) minutes Dr. Goldman spent in the gate area, a Supervisor of the Cleveland Division of Police spoke with Defendant Powell.

**ANSWER:** Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 68.

69.   After his conversation with Defendant Symes-Patalano, Defendants Jane Does 1 - 3, John Does 1 - 3, Defendant Ford, and/or Defendant Powell, the Cleveland Division of Police Officer approached Dr. Goldman and placed him under arrest.

**ANSWER:** Upon information and belief, Republic admits that Goldman was placed under arrest. Republic denies all other allegations in Paragraph 69.

83545\324935802.v4

70.     Further, the officers did not allow Yossi Marozov, a visibly orthodox Jew, to reboard the aircraft.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 70 and therefore denies the same.**

71.     As a result, Dr. Goldman was transported to Cuyahoga County Jail where he was incarcerated overnight.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 71 and therefore denies the same.**

72.     Thereafter, AA Flight 4302 departed without Dr. Goldman.

**ANSWER:     Republic admits that Flight 4302 departed without Plaintiff.**

73.     To make matters worse, after being subjected to such profound racial and/or religious discrimination, Dr. Goldman was not able to board an alternative flight to New York.

**ANSWER:     Republic denies the allegations contained in Paragraph 73.**

74.     While in Cuyahoga County Jail, Dr. Goldman had his clothes taken away and was subject to a strip search. Dr. Goldman was held in a holding cell with violent criminals who asked him what the "Jew boy" was doing there.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 74 and therefore denies the same.**

75.     Thereafter, Dr. Goldman was placed in a one-bed cell with another inmate. Because of this, Dr. Goldman was forced to sleep on the floor. Dr. Goldman was unable to eat during his time of incarceration because the jail did not offer Kosher accommodations for his Orthodox Jewish religion.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 75 and therefore denies the same.**

83545\324935802.v4

76.     In the morning, Dr. Goldman requested he be provided with his religious items so that he could do his morning prayers, to which he was refused.

**ANSWER:     Republic lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 76 and therefore denies the same.**

77.     As a result of what transpired, Dr. Goldman was shocked, confused, deeply humiliated, disrespected, lost, and perplexed during the entire course of events as he was subjected him to racial and religious discrimination in front of a planeload of other passengers.

**ANSWER:     Republic denies the allegations in Paragraph 77.**

78.     Defendant Symes-Patalano, Defendants Jane Does 1 - 3, John Does 1 - 3, Defendant Ford, and/or Defendant Powell's motivation to remove Dr. Goldman from the aircraft did not involve a safety concern, but rather was an arbitrary and capricious decision motivated by racial and religious animus towards the Jewish religion and Jewish individuals, such as Dr. Goldman, of the Jewish faith, and Dr. Goldman's efforts to adhere to the laws and customs of his Jewish religion.

**ANSWER:     Republic denies the allegations in Paragraph 78.**

79.     Plaintiff submits that the Defendant Pino's and/or Defendants John Doe, First Officer, AA Flight 4302, Symes-Patalano, Jane Does 1 - 3, John Does 1 - 3, Ford, and/or Powell's motivation to order Plaintiff to exit the aircraft did not involve safety concerns, but rather, was motivated by racial and religious animus towards the Jewish religion and individuals, such as Dr. Goldman, of the Jewish faith, and Dr. Goldman's efforts to adhere to the laws and customs of his Jewish religion.

**ANSWER:     Republic denies the allegations in Paragraph 79.**

80.     Dr. Goldman was ejected from the flight based on Defendant Pino's and/or Defendants John Doe, First Officer, AA Flight 4302, Symes-Patalano, Jane Does 1 - 3, John Does 1 - 3, Ford, and/or Powell's racial and/or religious prejudice against Dr. Goldman for being Jewish and

83545\324935802.v4

exercising his religious beliefs, their complete lack of sensitivity to Dr. Goldman's religious needs, and based upon the false assertion that there was no more space in overhead compartments, and not for any legitimate reason(s) related to safety and/or security.

**ANSWER:** **Republic denies the allegations in Paragraph 80.**

81. The actions of Defendants American, American Airlines Group, Republic, Republic Airways Holdings, Ford, Symes-Patalano, Pino, Powell, John Doe, First Officer, AA Flight 4302, Jane Does 1 - 3, Flight Attendants, and/or John Does 1 - 3, Flight Attendants, were, at all times relevant, malicious, oppressive and/or in reckless disregard of the Plaintiff's rights, thus entitling Plaintiff to punitive damages and/or attorney fees.

**ANSWER:** **Republic denies the allegations in Paragraph 81.**

82. Defendants American, American Airlines Group, Republic, Republic Airways Holdings is and/or are vicariously liable under the legal principle of *respondeat superior* for the tortious conduct of its employees and/or agents, Defendants Ford, Symes-Patalano, Pino, Powell, John Doe, First Officer, AA Flight 4302, Jane Does 1 - 3, Flight Attendants, and/or John Does 1 - 3, Flight Attendants.

**ANSWER:** **Republic specifically denies that Defendants Ford and Powell are employees and/or agents of Republic or Republic Airways Holdings Inc. and denies the remaining allegations in Paragraph 82.**

## FIRST CAUSE OF ACTION
### Civil Rights Violations Under the Civil Rights Act of 1866, 42 U.S.C. §§ 1981(a)

83-90. **Republic Defendants respond to the First Cause of Action of Plaintiff's Complaint through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith. Paragraphs 83-90 do not require a response as they are subject to a contemporaneously filed motion to dismiss. To the extent that a response is required, Defendant repeats and realleges, and incorporates by references their Answers to each and**

83545\324935802.v4

every allegation contained in the preceding paragraphs as to Paragraph 83, and denies each and every allegation contained within Paragraphs 84-90.

**SECOND CAUSE OF ACTION**
**Violation of 42 U.S.C. § 2000(d)**

91-95. **Republic Defendants respond to the Second Cause of Action of Plaintiff's Complaint through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith. Paragraphs 91-95 do not require a response as they are subject to a contemporaneously filed motion to dismiss. To the extent that a response is required, Defendant repeats and realleges, and incorporates by references their Answers to each and every allegation contained in the preceding paragraphs as to Paragraph 91, and denies each and every allegation contained within Paragraphs 92-95.**

**THIRD CAUSE OF ACTION**
**Breach of Contract**

96-104. **Republic Defendants respond to the Third Cause of Action of Plaintiff's Complaint through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith. Paragraphs 96-104 do not require a response as they are subject to a contemporaneously filed motion to dismiss. To the extent that a response is required, Defendant repeats and realleges, and incorporates by references their Answers to each and every allegation contained in the preceding paragraphs as to Paragraph 96, and denies each and every allegation contained within Paragraphs 97-104.**

**FOURTH CAUSE OF ACTION**
**Negligence**

105. Plaintiff incorporates herein each and every averment and allegation previously set forth, as if completely restated and realleged herein.

**ANSWER:** **Republic repeats and realleges, and incorporates by reference their Answers to each and every allegation contained in the foregoing paragraphs.**

 83545\324935802.v4

106.     Defendants American, American Airlines Group, Republic, Republic Airways Holdings are considered common carriers as they are airlines that transport passengers. As common carriers, Defendants American, American Airlines Group, Republic, Republic Airways Holdings have a heightened duty to exercise the utmost caution to protect their passengers from harm. Defendants American, American Airlines Group, Republic, Republic Airways Holdings' employees and/or agents, as employees and/or agents of common carriers, also owe a heightened duty of care to protect the Plaintiff from harm.

**ANSWER:     This paragraph contains conclusions of law to which no response is required. To the extent an answer is deemed required of Republic, Republic admits only that Republic Airways Inc. is a common carrier, specifically denies that Republic Airways Holdings Inc. is a common carrier, and further denies all remaining allegations in Paragraph 106.**

107.     Defendants American, American Airlines Group, Republic, Republic Airways Holdings, Ford, Symes-Patalano, Pino, Powell, John Doe, First Officer, AA Flight 4302, Jane Does 1 - 3, Flight Attendants, and/or John Does 1 - 3, Flight Attendants breached the duty owed to the Plaintiff as their passenger, when they failed to properly investigate the incident prior to ordering Plaintiff to be forcibly removed from the aircraft under the threat of arrest, subjecting the Plaintiff to racial profiling and discrimination, false imprisonment, emotional distress, and humiliation.

**ANSWER:     Republic denies the allegations in Paragraph 107.**

108.     The policies and practices of Defendants American, American Airlines Group, Republic, Republic Airways Holdings, which their employees and/or agents whose conduct is described herein were adhering to and implementing at all relevant times, directly and proximately caused Plaintiff to experience unlawful denial of services and/or transportation; markedly hostile conduct; racial discrimination and profiling; unwanted, offensive and unlawful false imprisonment

83545\324935802.v4

or confinement against his will; malicious harassment; and intentionally, recklessly, and/or negligently caused extreme and severe emotional distress.

**ANSWER:** **Republic denies the allegations in Paragraph 108.**

109. Due to multiple prior incidents of racial and religious discrimination on American and/or American Airlines Group's flights, American and/or American Airlines Group knew that its policies and practices in place on January 18, 2024, created a substantial and unjustifiable risk that minority customers, such as Dr. Goldman, would be subject to unlawful denial of services; markedly hostile conduct; racial profiling; unwanted, offensive and unlawful false imprisonment or confinement against his will; malicious harassment; and intentionally, recklessly, or negligently caused extreme and severe emotional distress. American and/or American Airlines Group failed to correct these conditions, as evidenced by what Dr. Goldman experienced.

**ANSWER:** **The allegations contained in Paragraph 109 are not directed at Republic and therefore, no response is required. To the extent an answer is deemed required of Republic, Republic denies the allegations in Paragraph 109.**

110. As the owner and the operator of the American and/or American Airlines Group flight, Defendants American and/or American Airlines Group had a duty to take the utmost caution to protect its business invitees in that establishment, such as the Plaintiff, against unlawful denial of services; markedly hostile conduct; racial profiling; unwanted, offense and unlawful false imprisonment or confinement against his will; malicious harassment; false-light publicity; and intentionally, recklessly, or negligently caused extreme and severe emotional distress. Defendants American, American Airlines Group, Republic, Republic Airways Holdings, Ford, Symes-Patalano, Pino, Powell, John Doe, First Officer, AA Flight 4302, Jane Does 1 - 3, Flight Attendants, and/or John Does 1 - 3, Flight Attendants failed to take such precautions on January 18, 2024, as evidenced by what Dr. Goldman experienced.

83545\324935802.v4

**ANSWER:** Republic denies the allegations in Paragraph 110.

111. The above described conditions which Defendants American, American Airlines Group, Republic, and/or Republic Airways Holdings either created or failed to remedy or mitigate, caused Dr. Goldman to suffer damages as more fully set forth herein.

**ANSWER:** Republic denies the allegations in Paragraph 111.

112. The actions of Defendants American, American Airlines Group, Republic, Republic Airways Holdings, Ford, Symes-Patalano, Pino, Powell, John Doe, First Officer, AA Flight 4302, Jane Does 1 - 3, Flight Attendants, and/or John Does 1 - 3, Flight Attendants were, at all times relevant, malicious, oppressive and/or in reckless disregard of the Plaintiff's rights, thus entitling Plaintiff to punitive damages and/or attorney fees.

**ANSWER:** Republic denies the allegations in Paragraph 112.

113. As a direct and proximate result of the actions of Defendants American, American Airlines Group, Republic, Republic Airways Holdings, Ford, Symes-Patalano, Pino, Powell, John Doe, First Officer, AA Flight 4302, Jane Does 1 - 3, Flight Attendants, and/or John Does 1 - 3, Flight Attendants, as more fully detailed herein, Plaintiff Goldman suffered past, present, ongoing and/or future temporary and/or permanent harm and/or damages including, but not limited to: economic damages, non-economic damages, exposure to medical board complaints and/or grievances; exposure to medical board inquiries; exposure to medical board licensure discipline; criminal prosecution; exposure to criminal prosecution inquiries; exposure to administrative inquires; exposure to administrative hearings; loss of business revenue; loss of money; loss of and/or damage to professional reputation; exposure to public ridicule; public, professional, and/or personal humiliation and/or embarrassment; damage to personal and/or professional reputation; mental anguish and suffering; anxiety; loss of time; and/or additional damages as will be established at trial.

83545\324935802.v4

**ANSWER:** Republic denies the allegations in Paragraph 113.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

114-118. **Republic Defendants respond to the Fifth Cause of Action of Plaintiff's Complaint through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith. Paragraphs 114-118 do not require a response as they are subject to a contemporaneously filed motion to dismiss. To the extent that a response is required, Defendant repeats and realleges, and incorporates by references their Answers to each and every allegation contained in the preceding paragraphs as to Paragraph 114, and denies each and every allegation contained within Paragraphs 115-118.**

## SIXTH CAUSE OF ACTION
### False Imprisonment

119. Plaintiff incorporates herein each and every averment and allegation previously set forth, as if completely restated and realleged herein.

**ANSWER:** Republic repeats and realleges, and incorporates by reference their Answers to each and every allegation contained in the foregoing paragraphs.

120. Upon information and belief, by virtue of the aforesaid actions, Defendants American, American Airlines Group, Republic, Republic Airways Holdings, Ford, Symes-Patalano, Pino, Powell, John Doe, First Officer, AA Flight 4302, Jane Does 1 - 3, Flight Attendants, and/or John Does 1 - 3, Flight Attendants intentionally confined the Plaintiff without lawful privilege and without his consent within a limited area within the aircraft and then the gate area for an appreciable period of time thereby depriving him of his liberty.

**ANSWER:** Republic denies the allegations in Paragraph 120.

121. Without lawful privilege or justification, Defendants American, American Airlines Group, Republic, Republic Airways Holdings, Ford, Symes-Patalano, Pino, Powell, John Doe, First

83545\324935802.v4

Officer, AA Flight 4302, Jane Does 1 - 3, Flight Attendants, and/or John Does 1 - 3, Flight Attendants detained the Plaintiff against his will in a confined area which he was not free to leave from.

**ANSWER:**    **Republic denies the allegations in Paragraph 121.**

122.    Plaintiff was aware of said confinement.

**ANSWER:**    **Republic denies the allegations in Paragraph 122.**

123.    Plaintiff was detained and interrogated in front of dozens of other passengers and many members of the airport's staff.

**ANSWER:**    **Republic denies the allegations in Paragraph 123.**

124.    Plaintiff felt the inability to disobey the orders of American, American Airlines Group, Republic, and/or Republic Airways Holdings' agents due to the presence of Cleveland Police and due to American, American Airlines Group, Republic, and/or Republic Airways Holdings acting under the guise of state authority.

**ANSWER:**    **Republic denies the allegations in Paragraph 124.**

125.    Upon information and belief, American, American Airlines Group, Republic, and/or Republic Airways Holdings' false imprisonment of the Plaintiff proximately caused great suffering and damages to him insofar as depriving him of his liberty.

**ANSWER:**    **Republic denies the allegations in Paragraph 125.**

126.    Defendants' actions in violation of the law caused Plaintiff damages in the form of:

a.    Embarrassment, humiliation and mortification;
b.    Fright and shock;
c.    Mental anguish and emotional distress;
d.    Denial of social pleasure and enjoyments;
e.    Actual, monetary damages in the form of costs associated with being removed from the flight.

**ANSWER:**    **Republic denies the allegations in Paragraph 126.**

83545\324935802.v4

## PUNITIVE DAMAGES

**127-129. Republic Defendants respond to the Plaintiff's Request for Punitive Damages through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith. Paragraphs 127-129 do not require a response as they are subject to a contemporaneously filed motion to strike. To the extent that a response is required, Defendant denies each and every allegation contained within Paragraphs 127-129.**

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Republic Defendants raise and preserve the following Affirmative Defenses:

1.      Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The Court lacks subject matter jurisdiction over certain of Plaintiff's claims.

3.      Plaintiff's claims are preempted by the Airline Deregulation Act of 1978.

4.      Plaintiff's injuries or damages, if any, were proximately caused by his own acts or omissions.

5.      Republic would be entitled to a full credit, offset, *pro rata* reduction, or percentage reduction, based on the percentage of fault, wrongdoing, or liability attributable to each settling defendant and/or non-party, in the event Plaintiff settles with any defendant and/or receive any other form of recovery from collateral sources.

6.      Plaintiff's damages, if any, were caused by the acts or omissions of other persons or entities for which Republic is not liable or responsible. In the event that Republic is found liable to Plaintiff, liability for which Republic expressly denies, Republic affirmatively alleges that he may be entitled to indemnification, contribution, or apportionment of liability and fault pursuant to applicable law, and reserves his right to seek same.

83545\324935802.v4

7.      Plaintiff's claims are barred, in whole or in part, by contractual release, disclaimer, and/or limitation of remedies entered into by Plaintiff.

8.      Plaintiff's injuries or damages, if any, were proximately caused by abnormal, unforeseeable, and/or unintended events for which Defendant Republic is not responsible.

9.      Plaintiff's damages, if any, may be barred and/or limited under applicable law due to his failure to mitigate his damages.

10.     Plaintiff's actions may be governed, in whole or in part, by the laws of other jurisdictions.

11.     To the extent that the laws of other jurisdictions apply, Republic invokes each and every constitutional and statutory defense available to him under the constitutions, statutes, civil or other law of each state, the District of Columbia, the territories and possessions of the United States, and/or applicable foreign law. These laws specifically include, but are not limited to, provisions relating to due process, access to the courts, statutes of limitations and repose, and limitations on compensatory, non-economic, and punitive damages.

12.     While denying that Plaintiff is entitled to any relief whatsoever, if Republic is required to pay a monetary award to Plaintiff, Republic affirmatively claims a set-off against any monies received by Plaintiff for his alleged injuries or damages.

13.     Plaintiff's claims are preempted, in whole or in part, by federal law.

14.     Pursuant to applicable federal and state law, Republic is entitled to immunity, qualified or otherwise.

15.     Plaintiff's claims are barred, or recovery reduced, by the doctrines of estoppel, waiver, unclean hands, misrepresentation, and/or laches.

16.     Plaintiff's claims are barred pursuant to applicable federal statutes, including, but not limited to, 49 U.S.C. § 44902(b).

83545\324935802.v4

17.     Plaintiff's claims are barred and/or preempted pursuant to applicable provisions of the Federal Aviation Act and Federal Aviation Regulations, including but not limited to 14 C.F.R. § 121.589(e).

18.     Plaintiff's claims are preempted, barred and/or limited because Republic complied with all applicable codes, standards and regulations of the United States and agencies thereof.

19.     Plaintiff may lack capacity and/or standing to bring this action.

20.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

## RESERVATION OF FURTHER DEFENSES

Republic Defendants each reserve the right to supplement and amend their defenses to this action, including Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

WHEREFORE, Republic Defendants deny the prayer for relief in Plaintiff's Complaint and respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, and that Plaintiff be ordered to pay all costs and reasonable attorneys' fees sustained by Defendants.

**Dated: May 27, 2025**

Respectfully submitted,

MARSHALL DENNEHEY P.C.

By: _____
JILLIAN L. DINEHART (0086993)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone:  (216) 912-3823
Fax:  (216) 344-9006
Email: jldinehart@mdwcg.com

83545\324935802.v4

PAULA L. WEGMAN (PHV)
EVAN M. KWARTA (PHV)
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois  60606
Phone: (312) 704-3000
Fax:  (312) 704-3001
Email: pwegman@hinshawlaw.com
       ekwarta@hinshawlaw.com

*Counsel for Defendants, Republic Airways, Inc., Republic Airways Holdings Inc., Melissa Symes-Patalano, and Nicholas Pino*

## JURY DEMAND

A trial by jury is hereby demanded on all issues so triable.

MARSHALL DENNEHEY P.C.

By: _____

JILLIAN L. DINEHART (0086993)
*Counsel for Counsel for Defendants, Republic Airways, Inc., Republic Airways Holdings Inc., Melissa Symes-Patalano, and Nicholas Pino*

83545\324935802.v4

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

MARSHALL DENNEHEY P.C.

By: _____

JILLIAN L. DINEHART (0086993)
*Counsel for Defendants, Republic Airways, Inc., Republic Airways Holdings Inc., Melissa Symes-Patalano, and Nicholas Pino*

83545\324935802.v4